http://www.va.gov/vetapp16/Files4/1630500.txt

Citation Nr: 1630500 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-02 867 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to a compensable evaluation for residuals of a left ankle fracture, from April 14, 2015 to November 20, 2015. 

2. Entitlement to an evaluation in excess of 10 percent for residuals of a left ankle fracture, from November 20, 2015.

REPRESENTATION

Veteran represented by: Kenneth LaVan, Attorney

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

J. Gallagher, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1967 to October 1970.

This appeal is before the Board of Veterans' Appeals (Board) from an August 2010 rating decision of the abovementioned Department of Veterans Affairs (VA) Regional Office (RO).

In April 2015, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge via videoconference. A transcript is included in the claims file.

In July 2015, the Board remanded the Veteran's appeal with instruction to provide the Veteran with a more current VA examination to determine the severity of his left ankle disability. The Veteran underwent a VA examination in November 2015. The Board is therefore satisfied that the instructions in its remand of July 2015 have been satisfactorily complied with. See Stegall v. West, 11 Vet. App. 268 (1998).

FINDINGS OF FACT

1. For the entirety of the appeal period, the Veteran's left ankle disability was productive of moderate limited motion.

2. For the entirety of the appeal period, the Veteran's left ankle disability was not productive of marked limited motion, ankylosis, malunion of the os calcis or astragalus, an astragalectomy, or the functional equivalent thereof.

CONCLUSIONS OF LAW

1. The criteria for an evaluation of 10 percent, but not in excess thereof, for residuals of a left ankle fracture, from April 14, 2015, to November 20, 2015, have been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.71a, Diagnostic Code 5271 (2015).

2. The criteria for an evaluation in excess of 10 percent for residuals of a left ankle fracture, from November 20, 2015, have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.71a, Diagnostic Code 5271 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist
 
Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letter dated December 2009. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records and VA medical records have been obtained, as have relevant private medical records identified by the Veteran. 

The Veteran was provided a VA examination of his left ankle disability in November 2015. The Board finds that this examination and its associated report were adequate. Along with the other evidence of record, they provided sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claim. The examination report was based on examination of the Veteran by an examiner with appropriate expertise who thoroughly reviewed the claims file. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007). 
 
Therefore, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Merits

The Veteran claims an increased rating for his left ankle disability.

Disability evaluations are determined by application of the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. An evaluation of the level of disability present must also include consideration of the functional impairment of the Veteran's ability to engage in ordinary activities, including employment. 38 C.F.R. § 4.10. 

"Staged" ratings are appropriate for any rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App 119 (1999). 

In addition, when assessing the severity of musculoskeletal disabilities that are at least partly rated on the basis of limitation of motion, VA must also consider the extent that the Veteran may have additional functional impairment above and beyond the limitation of motion objectively demonstrated, such as during times when his symptoms are most prevalent ("flare-ups") due to the extent of his pain (and painful motion), weakness, premature or excess fatigability, and incoordination-assuming these factors are not already contemplated by the governing rating criteria. DeLuca v. Brown, 8 Vet. App. 202, 204-07 (1995); see also 38 C.F.R. §§ 4.40, 4.45, 4.59.

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995).

The Veteran's left ankle disability is rated under 38 C.F.R. § 4.71a, Diagnostic Code 5271. Ratings under this code are available at 10 percent for moderate limited motion and 20 percent for marked limited motion. 

Alternative and additional Diagnostic Codes for the ankle are available under 38 C.F.R. § 4.71a, as follows:

Under 38 C.F.R. § 4.71a, Diagnostic Code 5003, degenerative arthritis is rated on the basis of limitation of motion of the specific joint involved. When limitation of motion is noncompensable, a 10 percent rating is for application for each major joint. In the absence of limitation of motion, a maximum schedular 20 percent rating is assigned for degenerative arthritis of two or more major joints or two or more minor joint groups, with occasional incapacitating episodes. As the Veteran is in receipt of a 10 percent rating based on limitation of motion, which the Board below grants for the entirety of the appeal period, higher ratings based on these criteria are not available for the Veteran.

Under 38 C.F.R. § 4.71a, Diagnostic Code 5270, ankylosis of the ankle in plantar flexion less than 30 degrees is rated at 20 percent; ankylosis in plantar flexion between 30 and 40 degrees or in dorsiflexion between 0 and 10 degrees is rated at 30 percent; and ankylosis in plantar flexion at more than 40 degrees, in dorsiflexion at more than 10 degrees, or with abduction, adduction, inversion, or eversion deformity is rated at 40 percent.

Under 38 C.F.R. § 4.71a, Diagnostic Code 5272, ankylosis of the subastragalar or tarsal joint is rated at 10 percent for ankylosis in good weight-bearing position and at 20 percent for ankylosis in poor weight-bearing position.

Under 38 C.F.R. § 4.71a, Diagnostic Code 5273, malunion of the os calcis or astralagus is rated at 10 percent for moderate deformity and 20 percent for marked deformity. 

Under 38 C.F.R. § 4.71a, Diagnostic Code 5274, astragalectomy is rated at 20 percent.

At his April 14, 2015 hearing, the Veteran reported a worsening of his left ankle disability since his last examination. Specifically, the Veteran reported that when he stands up his ankle tends to give way, and because of this he has suffered falls since his last examination. He stated that his ankle constantly aches and regularly swells up. The Veteran further reported that he had not had medical treatment on the ankle because his pulmonary problems were more urgent, and he is usually in a wheelchair anyway.

The Veteran underwent a VA examination in November 2015. He reported pain on the posterior and lateral aspects of the ankle. He denied flare-ups. On examination, plantar flexion was full to 45 degrees and dorsiflexion was limited to 10 degrees. The examiner found no evidence of crepitus, pain with weight bearing, localized tenderness, or pain or palpation. The examiner found that range of motion did not contribute to functional loss. Repetitive testing led to no additional functional loss, nor did repetitive use over time. Muscle strength was full with no atrophy. There was no indication of ankylosis, instability, dislocation, shin splints, stress fractures, Achilles tendonitis, Achilles tendon rupture, malunion of the calcaneus or talus, or history of astragalectomy. The examiner noted that the Veteran regularly uses a cane for his ankle and a scooter with oxygen for his chronic obstructive pulmonary disease. X-rays were unremarkable and showed no arthritis. The examiner diagnosed a left ankle sprain that had progressed to some degree.

The Board finds that staging of the Veteran's evaluation is inappropriate during period subject to appeal. In its July 2015 decision, the Board denied a compensable evaluation for the period prior to April 14, 2015, but remanded for the period thereafter. The rationale for this decision was that the Veteran first indicated a worsening of his ankle disability on April 14, 2015, and the Veteran did not appeal the July 2015 Board decision denying an increase prior to that date, so it is final. 38 U.S.C.A. § 7104. The Board finds that it at least as likely as not that the worsening alluded to in the Veteran's hearing testimony was the moderate limitation of motion found at his November 2015 VA examination; and this examination clearly shows a worsening over the prior period where the Board denied a compensable rating, in part on the basis that the April 2010 VA examination revealed normal range of motion of the left ankle (as opposed to the limitation of dorsiflexion in November 2015). For these reasons, the Board finds that from April 14, 2015 to November 20, 2015, the Veteran's left ankle disability was productive of moderate limitation of motion, and an evaluation of 10 percent is therefore warranted. 

The Board further finds that an evaluation in excess of 10 percent is not warranted for the entirety of the appeal period. Higher or additional ratings are available for marked limited motion, ankylosis, malunion of the os calcis or astragalus, an astragalectomy, or the functional equivalent thereof. The Board finds no evidence of such manifestations in the record. The VA examiner explicitly found no ankylosis, malunion of the os calcis or astragalus, or history of astragalectomy, and there is no indication of such manifestations otherwise in the record. The VA examiner found limitation of dorsiflexion by 50 percent but no limitation of plantar flexion and specifically found that this limitation did not lead to any functional loss. The Board thus finds no indication of marked limitation of motion. While it is true that the Veteran uses a cane to ambulate, the examiner found no functional loss and the Veteran denied flare-ups. The Board thus finds no evidence of the functional equivalent of the criteria for higher ratings. See DeLuca, 8 Vet. App. at 204-07. For these reasons, the Board finds that an evaluation in excess of 10 percent is not warranted for the entirety of the appeal period.

The Board has considered whether an extraschedular evaluation is warranted for the Veteran's left ankle disability. In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111 (2008).

Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. § 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). When the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. Id. 

Turning to the first step of the extraschedular analysis, the Board finds that the symptomatology and impairments caused by the Veteran's service connected disabilities, including pain, limited motion, and associated falls, are specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. 

The Veteran has not expressly raised the matter of entitlement to an extraschedular rating. His contentions have been limited to those discussed above, i.e., that his left ankle is more severe than is reflected by the assigned ratings. As was explained in the merits decision above in denying higher ratings, the criteria for higher schedular ratings were considered, but the rating assigned was upheld because the rating criteria are adequate. In view of the circumstances, the Board finds that the rating schedule is adequate, and that referral for extraschedular consideration is not warranted under the circumstances of this case. As the Veteran has no other service-connected disabilities, consideration of the collective and combined effect of all disabilities is not warranted. See Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014).

ORDER

An evaluation of 10 percent for residuals of a left ankle fracture, from April 14, 2015, to November 20, 2015, is granted, subject to the laws and regulations governing the payment of VA benefits.

An evaluation in excess of 10 percent for residuals of a left ankle fracture, from November 20, 2015, is denied.

____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs